| | |
|---|---|
| RASHEED HILSON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>JESSE ARNETT, et al.,<br><br>Defendants. | CASE NO. 1:15-cv-01240-DAD-MJS (PC)<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>**(ECF NOS. 24)**<br><br>**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT ARNETT AND GAMBOA'S PARTIAL MOTION TO DISMISS**<br><br>**(ECF NO. 23)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.  Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on the following claims against the following Defendants: (1) an Eighth Amendment excessive force claim against Defendants Arnett, Gamboa, Potzernitz, Flores, and Jane Doe; and (2) an Eighth Amendment failure to protect claim against Defendant Marsh.

Before the Court are Defendant Gamboa and Arnett's partial motion to dismiss (ECF No. 23) and request for judicial notice (ECF No. 24). Plaintiff filed an opposition

(ECF No. 34) and a "stipulation" regarding Defendants' evidence (ECF No. 35). Defendant filed no reply. The matter is submitted. Local Rule 230(*l*).

## II. Request for Judicial Notice

Defendants ask the Court to take judicial notice of the following documents from criminal proceedings involving Plaintiff in the Kings County Superior Court: (a) the amended complaint filed on July 31, 2014, and again on March 19, 2015; (b) the transcript of Plaintiff's March 19, 2015 preliminary hearing; (c) the information, filed April 2, 2015; (d) the transcript of Plaintiff's June 17, 2016 plea hearing; (e) the plea of guilty/no contest form, filed June 17, 2016; (f) the felony abstract of judgment, filed July 11, 2016; and (g) the case summary/docket. (ECF No. 24.)

In response, Plaintiff states that he "stipulates" that the documents proffered by Defendants are true and correct copies of court records and that Plaintiff himself wishes to use them as evidence. (ECF No. 35.) Plaintiff agrees that judicial notice is warranted.

The Court may take judicial notice of court records. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Defendants' unopposed request for judicial notice will be granted.

## III. Plaintiff's Claims

Briefly stated, Plaintiff claims that he was improperly denied the use of a wheelchair as an accommodation for his many medical issues. As a result, he had difficulty moving about the prison and was unable to participate fully in prison programming. Also as a result, Defendants subjected him to several assaults.

Plaintiff's claims against Defendant Arnett and Gamboa may be summarized essentially as follows:

On August 2, 2013, Plaintiff went "man down" in his cell. Eventually, custody staff, including Arnett, jumped on top of Plaintiff and began to punch, kick and twist Plaintiff's left leg at the ankle trying to break it. Plaintiff was taken to a hospital and received a "favorable diagnosis."

On August 10, 2013, Plaintiff was handcuffed and moved to a new cell. Once in the new cell, Plaintiff brought his hand to the food port to be uncuffed. After one cuff was removed, Plaintiff turned slightly so that the other cuff could be removed. Arnett and Gamboa then pepper sprayed Plaintiff.

Plaintiff was transported to the medical clinic by Defendants Flores and Potzernitz. En route, Flores and Potzernitz attacked Plaintiff. Gamboa once again administered pepper spray.

**IV.    Legal Standard – Motion to Dismiss**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**V.     Discussion**

Defendants Arnett and Gamboa move to dismiss the claim arising out of the August 10, 2013 pepper spray incident at Plaintiff's food port on the ground that this claim is barred under Heck v. Humphrey, 512 U.S. 477, 489 (1994). The remaining claims are not at issue in this partial motion to dismiss.

**A.     Legal Standard – Heck Bar**

The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). See 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists).

**B.     Plaintiff's Battery Conviction**

Documents provided by Defendants and subject to judicial notice indicate the following. On June 17, 2016, in the Kings County Superior Court, Plaintiff entered a plea of no contest to the charge of battery by a prisoner on a non-confined person in violation of California Penal Code § 4501.5. As a result of this conviction, Plaintiff was sentenced to three years of imprisonment, to be served consecutively to the term imposed for his original commitment offense.

Plaintiff did not admit to the allegations. Instead, both Plaintiff and the state agreed that a March 19, 2015 preliminary hearing provided the factual basis for the plea. Therein, Defendant Arnett testified essentially as follows:

On August 10, 2013, Arnett was assigned to escort Plaintiff to his cell. Plaintiff was handcuffed during the escort. Arnett walked Plaintiff to the cell and closed the door.

4

He instructed Plaintiff to back up to the cell door so his handcuffs could be removed. Arnett removed the handcuff from Plaintiff's left wrist and instructed Plaintiff to place his left hand inside the food port. As Arnett removed the handcuff from Plaintiff's right wrist, Plaintiff spun to the right, grabbed Arnett's left hand, and pulled it into the food port up to Arnett's forearm. Arnett's body slammed up against the side of the food port. Arnett took his right leg and pushed against the cell door, trying to pull back. Plaintiff continued to pull Arnett's arm into the cell. Arnett then deployed pepper spray into the food port, hitting Plaintiff in the face and upper torso. Plaintiff then released Arnett's arm.

**C.     Analysis**

Defendants argue that allowing Plaintiff to proceed against them on the food port claim would call into question the validity of Plaintiff's conviction for battery by a prisoner on a non-confined person.

The Court must begin its analysis by considering the relationship between a no contest plea and the Heck bar. This question presents a matter of some confusion in this circuit.[1] Historically, the Ninth Circuit has applied Heck to no contest pleas with little analysis. E.g., Szajer v. City of Los Angeles, 632 F.3d 607, 612 (9th Cir. 2011). More recently, however, the Ninth Circuit indicated Heck was not to be automatically applied to such pleas. Lockett v. Ericson, 656 F.3d 892, 896 (9th Cir. 2011).

In Lockett, the plaintiff was charged with driving under the influence and related charges. The charges arose from an incident in which the plaintiff slid his car off the road near his house, was unable to get the car back on the road, and eventually walked home. Id. at 894. Officers then found the car, went to the plaintiff's house, and entered. There, they found the plaintiff, who appeared to be drunk, and conducted a field sobriety test. Id. The plaintiff later was taken to a CHP office and administered a breathalyzer test, the result of which was .17. Id. The plaintiff filed a motion to suppress the evidence against him on the ground the officers violated the Fourth Amendment. Id. at 894-95.

---

[1] Defendant does not acknowledge this conflicting case law or present any argument regarding the relationship between Heck and no contest pleas.

5

The motion to suppress was denied. The plaintiff then pled no contest to a lesser offense, commonly known as "wet reckless." Id. at 895.

The plaintiff later filed a section 1983 action complaining of the officers' alleged violation of his Fourth Amendment rights. Id. The District Court concluded that the claim was barred under Heck. Id. The Ninth Circuit disagreed. Id. at 896. Specifically, the Ninth Circuit, citing Ove v. Gwinn, 264 F.3d 817 (9th Cir. 2001), noted as follows:

> Lockett pled nolo contendere after the superior court denied his California Penal Code section 1538.5 suppression motion. He was not tried, and no evidence was introduced against him. Therefore, like the convicted plaintiffs in Ove, Lockett's conviction derives from his plea, not from a verdict obtained with supposedly illegal evidence. The validity of Lockett's conviction does not in any way depend upon the legality of the search of his home. We therefore hold that Heck does not bar Lockett's § 1983 claim.

Id at 896-97 (citations, quotation marks, and brackets omitted).

District courts have struggled to divine the import of Lockett on the relationship between Heck and no contest pleas. As some courts have noted, Lockett does not comport with prior precedent applying Heck to guilty pleas and no contest pleas; neither does it address or expressly overrule those cases. See Leon v. San Jose Police Dep't, No. 5:11–cv–05504 HRL, 2013 WL 5487543, at * 4 (N.D. Cal. Sept. 30, 2013); Cooley v. City of Vallejo, No. 2:14-CV-0620-TLN-KJN, 2014 WL 3749369, at *4 (E.D. Cal. July 29, 2014), report and recommendation adopted, No. 2:14-CV-620-TLN-KJN, 2014 WL 4368141 (E.D. Cal. Sept. 2, 2014). Furthermore, in a post-Lockett decision, another Ninth Circuit panel affirmed application of the Heck bar by a district court, observing that "[w]e have repeatedly found Heck to bar § 1983 claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas." Radwan v. County of Orange, 519 Fed. App'x 490, 490-91 (9th Cir. May 21, 2013). However, this unpublished opinion is not binding, see 9th Cir. R. 36–3, and, in any event, the Ninth Circuit has continued to apply Lockett even after Radwan was decided. Jackson v. Barnes, 749 F.3d 755, 760 (9th Cir. 2014).

The majority of district courts that have addressed the issue have noted that Lockett represents the most recent Ninth Circuit precedent, and have simply concluded that Lockett means what it says: convictions based on no contest pleas are not Heck barred under Lockett's rationale. E.g., Leon, 2013 WL 5487543, at * 4; Cooley, 2014 WL 3749369, at *4; Buras v. City of Santa Rosa, No. 15-CV-01070-TEH, 2016 WL 4382553, at *2 (N.D. Cal. Aug. 17, 2016). Several courts have expressly noted that Lockett's claims were allowed to proceed, despite their challenge to the very evidence that led to the charges against him. Leon, 2013 WL 5487543, at * 4 n.6; Cooley, 2014 WL 3749369, at *4 n.3. Furthermore, at least one of these courts rejected attempts to distinguish Lockett on its facts, stating that such "factual niceties" were not the basis for the Ninth Circuit's decision. Rather, that decision appeared to rest solely on "the means by which the criminal judgment was obtained." Cooley, 2014 WL 3749369, at *3.

Indeed, courts generally are in agreement that a guilty plea or no contest plea should not "automatically insulate a subsequent § 1983 action from Heck's reach." Leon, 2013 WL 5487543, at * 4 n.6. Other courts have gone further to opine that "Heck and no contest pleas are an uneasy intersection, at best." Flores-Haro v. Slade, 160 F. Supp. 3d 1231, 1236 (D. Or. 2016). As one court stated:

> By virtue of a nolo plea, the civil action cannot arise out of the same found facts—because the fact of guilt was not established for any purpose but the conviction. As a matter of degree then, since there are no found facts, a nolo plea presents a lesser Heck problem than a guilty plea. Such an understanding of a nolo plea comports with Lockett's analysis that a Plaintiff who was "not tried," had "no evidence . . . introduced against him," and whose "conviction derive[d] from a plea not from a verdict" should not have Heck bar his civil rights claims.

Id. at 1237. Furthermore, "while the plea of nolo contendere may be followed by a sentence, it does not establish the fact of guilt for any other purpose than that of the case to which it applies. The difference between it and a plea of guilty, therefore, is that while the latter is a confession that binds the defendant in other proceedings, the former

has no effect beyond the particular case." Id. at 1236 (quoting 89 A.L.R. 2d 540 (originally published in 1963)).

At least one court, however, reached a different conclusion. In Kowarsh v. Heckman, No. 14-CV-05314-MEJ, 2015 WL 2406785, at *8 (N.D. Cal. May 19, 2015), the district court considered whether a plaintiff could maintain a section 1983 action for malicious prosecution in light of his prior plea of no contest. The Kowash court suggested that Lockett was distinguishable: "The Lockett and Ove plaintiffs' pleas of guilty and no contest were not inconsistent with their claims that police obtained evidence against them in a way that violated their constitutional rights. But in this case Plaintiff's plea of no contest is inconsistent with his claim that [the defendants] maliciously prosecuted him because it essentially suggests that Plaintiff did, in fact, contest the criminal charges against him." Id.; see also Souliotes v. City of Modesto, No. 1:15-CV-00556-LJO-SKO, 2016 WL 3549266, at *11 (E.D. Cal. June 29, 2016) (distinguishing Lockett from claims based on malicious prosecution); but see Ellis v. Thomas, No. 14-CV-00199-JCS, 2015 WL 5915368, at *5 (N.D. Cal. Oct. 9, 2015) (concluding that Lockett is binding as to no contest pleas and declining to follow Kowash).

The Court finds the reasoning articulated by the majority of district courts persuasive. The Lockett plaintiff was permitted to proceed on his section 1983 claim, despite the fact that his claim challenged the very evidence underlying his conviction. The Court finds no basis for distinguishing the instant case. As stated, Defendant does not address this issue or provide any argument as to why Heck should be extended to this no contest plea in light of Lockett. Absent such argument, the Court must conclude that Defendants' motion to dismiss should be denied.

Lastly, the Court notes that all of the cases cited by Defendants in support of their motion involved offenses that required a finding that the involved law enforcement officer was acting lawfully and, accordingly, could not have been using excessive force. (See ECF No. 23-1 at 5-7.) In such cases, the allegation that an officer used excessive force

8

is necessarily in conflict with the plaintiff's conviction if the officer's use of force and the plaintiff's use of force were temporally and spatially indistinct. See, e.g., People v. White, 101 Cal. App. 3d 161, 164 (1980) ("[W]here excessive force is used in making what otherwise is a technically lawful arrest, the arrest becomes unlawful and a defendant may not be convicted of an offense which requires the officer to be engaged in the performance of his duties."); Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1409 (Cal. Ct. App. 2002) (holding that excessive force by a police officer is not a lawful performance of his or her duties); but see Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (A "conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'"); Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("[I]f [the officer] used excessive force subsequent to the time Sanford interfered with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction. Heck is no bar.").

Here, Plaintiff was convicted of battery by a prisoner on a non-confined person. This conviction does not necessarily require that the involved non-confined person was acting lawfully and without excessive force at the time the battery occurred. Thus, none of the elements of this offense are inherently inconsistent with a finding that Officers Arnett and Gamboa used excessive force against Plaintiff. Even if Plaintiff were to prevail in this litigation, it would not necessarily result in invalidation of his conviction. His claim is not barred under Heck.

**VI.    Conclusion, Order, and Recommendation**

Based on the foregoing, Defendants' request for judicial notice (ECF No. 24) is HEREBY GRANTED. (ECF No. 24.)

Furthermore, it is HEREBY RECOMMENDED that Defendant Arnett and Gamboa's partial motion to dismiss (ECF No. 23) be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 14, 2017         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE