1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

RASHEED HILSON, SR.,                    Case No. 1:15-cv-01240-DAD-MJS (PC)

11
           Plaintiff,                   **ORDER REQUESTING ASSISTANCE
12                                        OF CCI LITIGATION COORDINATOR
           v.                            IN FACILITATING PLAINTIFF'S LAW
13                                        LIBRARY ACCESS**
JESSE ARNETT, et al.,
14                                       **FINDINGS AND RECOMMENDATION
           Defendants.                    TO DENY PLAINTIFF'S REQUEST FOR
15                                        AN ORDER DIRECTING ACCESS TO
                                          THE LAW LIBRARY**
16
                                         **(ECF No. 51)**
17
                                         **FOURTEEN DAY OBJECTION
18                                        DEADLINE**
19
                                         **CLERK TO SERVE COPY OF THIS
20                                        ORDER ON CCI LITIGATION
                                          COORDINATOR**
21
22

23          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

24   rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds against

25   Defendants Arnett, Gamboa, Potzemitz, Flores, and Jane Doe for excessive force and

26   Defendant CL Marsh for failure to protect, all in violation of the Eighth Amendment.

27   (ECF No. 18.) All of Plaintiff's claims arose while he was housed at California State

28   Prison, Corcoran ("CSP-COR"). (ECF No. 16.)

## I. Procedural Background

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, but brings claims for acts arising at CSP-COR. On August 16, 2017, Plaintiff filed a motion requesting a Court order to allow Plaintiff monthly access to the law library. (ECF No. 51.) This motion is construed as seeking injunctive relief directing action by a non-party.

## II. Discussion

Plaintiff asks the Court to order that he be provided monthly access to the prison law library to enable him to conduct discovery in this case.

Federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over prison officials in general or enable it to provide relief that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which the action proceeds. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. A court should not issue an injunction when the relief sought is not of the same character as that sought in the underlying action and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Moreover, while "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Thus, here Plaintiff's motion must be denied because the Court lacks personal jurisdiction over officials at CCI and, in any event, the requested relief is not of the same character as that requested in Plaintiff's complaint.

Nevertheless, the Court is cognizant that Plaintiff's ability to access the law

library may impact his ability to timely and effectively litigate this action. Accordingly, the Court will request the assistance of the Litigation Coordinator at CCI in ensuring that Plaintiff is afforded adequate opportunities to access the law library, to the extent doing so is consistent with institutional order and security. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)). The Clerk's Office will be directed to serve a copy of this order on the Litigation Coordinator.

## III.  Conclusion, Order, and Recommendation

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall serve a copy of this document on the Litigation Coordinator at CCI; and

2. The Litigation Coordinator's assistance is requested in facilitating Plaintiff's access to the law library; and

Further, it is HEREBY RECOMMENDED that:

3. Plaintiff's motion for an order directing CCI to provide Plaintiff with access to the law library (ECF No. 51) be DENIED for lack of jurisdiction.

The Court's findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within **fourteen (14) days** after being served with these findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 10, 2017          /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE