UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEED HILSON, SR., | No. 1:15-cv-01240-DAD-MJS |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| JESSE ARNETT, et al., | |
| Defendants. | (Doc. No. 54) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On August 1, 2016, the assigned magistrate judge screened plaintiff's first amended complaint (Doc. No. 11) and found it stated cognizable Eighth Amendment excessive force claims against defendants Arnett, Gamboa, Potzernitz, Flores, and correctional officer Jane Doe, and an Eighth Amendment failure to protect claim against defendant Marsh. (Doc. No. 16.) The remaining claims were found by the magistrate judge not to be cognizable as pled. Plaintiff was given the opportunity to file an amended complaint or to proceed only on the claims found to be cognizable by the magistrate judge. (*Id.*) Plaintiff chose to proceed solely on the claims found to be cognizable in the screening order. (Doc. No. 17.) Thereafter, the magistrate judge ordered

that plaintiff's claims against non-parties and his claims regarding state court criminal proceedings were dismissed without prejudice and his remaining claims were dismissed with prejudice for failure to state a claim, as were the remaining named defendants. (Doc. No. 18.)

On December 8, 2017, the magistrate judge re-screened Plaintiff's complaint, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice absent the consent of all parties, even if the plaintiff has consented to magistrate judge jurisdiction, as plaintiff had here. (Doc. No. 54.) Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss the claims that had been found non-cognizable. (*Id*.) The parties were given fourteen days to file objections to those findings and recommendations. No objections were filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of plaintiff's case. Having carefully reviewed the entire file, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Given the foregoing:

1. The findings and recommendations issued December 8, 2017 (Doc. No. 54) are adopted in full;
2. Plaintiff's action shall continue to proceed on his Eighth Amendment excessive force claim against Defendants Arnett, Gamboa, Potzernitz, Flores, and correctional officer Jane Doe; and his Eighth Amendment failure to protect claim against Defendant Marsh;
3. Plaintiff's claims against non-parties are dismissed without prejudice;

/////
/////
/////
/////
/////
/////

2

4. Claims relating to plaintiff's state court criminal proceedings are dismissed without prejudice; and

5. All other claims and defendants are dismissed with prejudice.

IT IS SO ORDERED.

Dated: __**January 11, 2018**__     _____
                                    UNITED STATES DISTRICT JUDGE