UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEED HILSON, SR., | CASE NO. 1:15-cv-01240-DAD-MJS (PC) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER** |
| v. | |
| JESS ARNETT, et al., | (ECF No. 58) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Arnett, Gamboa, Potzernitz, Flores, and CO Jane Doe, and an Eighth Amendment failure to protect claim against Defendant Marsh. (ECF Nos. 16, 18, 54, 57.)

On June 9, 2017, this Court set the Discovery and Scheduling Order ("DSO"). (ECF No. 47.) The discovery deadline was set for February 09, 2018. (Id.)

Before the Court is Defendants' February 09, 2018, motion to modify the DSO. (ECF No. 58.) Therein, Defendants seek to extend the discovery deadline solely to allow Defendants to depose Plaintiff by March 11, 2018; the written discovery deadline would

remain the same.[1] (Id.) As of the date of this Order, Plaintiff has filed no opposition, but his time for doing so has not yet expired. Normally, the Court would delay addressing a motion until the opposing party had expressed his or her view. However, here, having considered the facts and circumstances giving rise to Defendants' motion and the time imperatives imposed by the deadlines requested by the Defendants, along with the lack of any perceived prejudice to Plaintiff if it is granted, the Court will address the motion at this time.

Under Federal Rule of Civil Procedure 16, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Defendants' motion will be granted for good cause having been established. Defendants state that they attempted to depose Plaintiff on February 2, 2018, one week

---

[1] Separately, Plaintiff seeks to extend the written discovery deadline. (ECF No. 59.) The Court will address Plaintiff's request in a separate order.

| 1 | before the discovery deadline, however Plaintiff had not received the deposition notice in
| 2 | the mail and so was not prepared. (ECF No. 58-1 at 1.) Plaintiff declined to be deposed
| 3 | on that day and the next date that could be accommodated according to prison rules was
| 4 | March 9, 2018. (Id. at 3.) Defendants have re-noticed the deposition to take place on that
| 5 | date and served Plaintiff. (Id. at 5.) Defendants contend that this delay would not
| 6 | significantly impact the progress of the case or prejudice Plaintiff.

This is sufficient to indicate that Defendants have demonstrated due diligence and good cause to modify the DSO. There is no reason to believe Plaintiff will be prejudiced by granting Defendants' motion.

Accordingly, IT IS HEREBY ORDERED that Defendants' February 09, 2018 motion to modify the DSO (ECF No. 58) is GRANTED.

IT IS SO ORDERED.

Dated: March 1, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE