| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| RASHEED HILSON, SR., | Case No. 1:15-cv-01240-DAD-MJS (PC) |
| Plaintiff, | **ORDER GRANTING MOTION FOR EXTENSION OF TIME** |
| v. | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| JESSE ARNETT, et al., | |
| Defendants. | **FINDINGS AND RECOMMENDATION TO DENY REQUEST FOR INJUNCTIVE RELIEF** |
| | **(ECF NO. 59)** |
| | **FOURTEEN DAY OBJECTION DEADLINE** |
| | **CLERK TO SEND PLAINTIFF NOTICE OF CHANGE OF ADDRESS FORM** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Arnett, Gamboa, Potzernitz, Flores, and CO Jane Doe, and an Eighth Amendment failure to protect claim against Defendant Marsh. (ECF Nos. 16, 18, 54, 57.)

Before the Court is Plaintiff's February 20, 2018 motion requesting an extension of the discovery cut-off. (ECF No. 59.) He also there raises additional issues which will be addressed below. Defendants filed no response and the time for doing so has passed. The matter is submitted. Local Rule 230(*l*).

**I.  Change of Address**

Plaintiff's request for extension of time is based on his contention that the Court failed to update his address for nearly a year, and that failure has interfered with his ability to conduct discovery.

At the initiation of this case, Plaintiff was advised of the requirement to keep the Court apprised of his current address. Upon review of the docket, it appears that Plaintiff filed, on March 20, 2017, a motion for appointment of counsel, stating that he had been moved to a crisis bed at California State Prison – Los Angeles County ("CSP-LAC"). (ECF No. 39.) He did not specifically request a change to his address of record, and his address of record remained the institution where he previously had been incarcerated, California Correctional Institution ("CCI"). Over the course of the following year, Plaintiff filed additional motions listing his address at CSP-LAC, none of which requested a change of address. Mail directed to Plaintiff at his address of record at CCI was not returned to the Court.

It was not until December 11, 2017 that Plaintiff formally filed a Notice of Change of Address, changing his address of record to CSP-LAC. (ECF No. 55.) At that time, his official address was updated.

Plaintiff is aware of the procedure for updating his address, having filed a Notice of Change of Address on two separate occasions. (ECF Nos. 12, 55.) The Court will direct the Clerk's Office to send Plaintiff additional change of address form. To prevent further delays in Plaintiff's receipt of Court mail, Plaintiff should utilize this form for future address changes or, at the very least, should title his submission as "Notice of Change of Address."

## II. Motion for Extension of Time

As stated, Plaintiff's request for extension of time is based on his contention that the Court failed to update his address and thereby interfered with his ability to conduct discovery. It appears that the Court's discovery and scheduling order was served on Plaintiff at CCI, but that Plaintiff was then at CSP-LAC. Again, the mail served on Plaintiff at CCI was not returned to the Court. It therefore is unclear whether or when Plaintiff may have received the Court's discovery and scheduling order.

In light of these circumstances, and the Court having previously granted an extension to Defendants to conduct Plaintiff's deposition, the Court will grant Plaintiff's unopposed motion to extend the discovery cut-off by ninety days.

## III. Appointment of Counsel

Plaintiff requests the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early

3

stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel will be denied without prejudice.

**IV.     Injunctive Relief**

Plaintiff requests an injunction against the California Department of Corrections and, particularly, staff at CSP-LAC, preventing retaliation and harassment. He asks the Court to issue a restraining order against anyone who does harass him.

The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). CDCR and CSP-LAC are not parties to this action. This case does not confer on the Court jurisdiction over any individuals employed at CSP-LAC.

Additionally, it is generally appropriate to grant a preliminary injunction only for "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); see Johnson v. Couturier, 572 F.3d 1067, 1084 (9th Cir. 2009) (concluding that preliminary injunction at issue did not deal with a wholly unrelated matter). A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers, 325 U.S. at 220. Here, the underlying claim involves claims of excessive force and failure to protect, not harassment or retaliation.

Injunctive relief is not appropriate or available to Plaintiff on these facts. The Court will recommend that Plaintiff's request be denied.

**V.     Conclusion, Order, and Recommendation**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to extend the discovery cut-off is granted;
2. Plaintiff is granted an additional ninety days from the date of service of this order in which to conduct discovery;
3. Plaintiff's request for the appointment of counsel is denied; and
4. The Clerk of Court is directed to send Plaintiff a blank change of address form.

Additionally, it is HEREBY RECOMMENDED that Plaintiff's request for injunctive relief be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 2, 2018            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE